UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

## Case Number: 13-20119-CIV-MARTINEZ-MCALILEY

RUBEN DARIO CEDANO,

      Plaintiff,

vs.

AUDIE GABRIEL NUNEZ PADRON and
MARIA ROSA PEREZ FRONTADO,

      Defendants.

_____/

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

THIS CAUSE came before the Court upon Defendants' Motion for Summary Judgment (D.E. No. 25). Plaintiff Ruben Dario Cedano (the "Plaintiff") has filed suit against Defendants Audie Gabriel Nunez Padron ("Defendant Nunez") and Maria Rosa Perez Frontado ("Defendant Frontado") (collectively, the "Defendants") alleging claims under the Fair Labor Standards Act, 29 U.S.C. § 201 *et. seq*. (the "FLSA"), and the Florida Minimum Wage Act (the "FMWA"). After careful consideration and for the reasons set forth below, the Court grants in part and denies in part Defendants' motion.

### I. Background

Plaintiff claims he was employed as a domestic service employee by Defendants between August 1, 2010 and January 17, 2012. (D.E. No. 37 at 11). Defendants deny they employed Plaintiff. (D.E. No. 26 at 4). Defendants believe they were friends with Plaintiff and if he performed any tasks on their behalf, it was a favor. *Id*. Plaintiff filed suit against Defendants alleging claims under the FLSA and the FMWA. (D.E. No. 1).

## II. Legal Standard

A motion for summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). By its very terms, this standard provides that "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there will be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). An issue of fact is "genuine" if the record taken as a whole could lead a rational trier of fact to find for the non-moving party. *Id.* at 248. It is "material" if it might affect the outcome of the case under the governing law. *Id.* In addition, in considering a motion for summary judgment, the Court is required to view the evidence in the light most favorable to the non-moving party. *Id.* at 255.

If the moving party bears the burden of proof at trial, the moving party must establish all essential elements of the claim or defense in order to obtain summary judgment. *See United States v. Four Parcels of Real Prop. in Greene and Tuscaloosa Counties*, 941 F.2d 1428, 1438 (11th Cir. 1991). The moving party "'must support its motion with credible evidence . . . that would entitle it to a directed verdict if not controverted at trial.'" *Id.* (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 331 (1986) (Brennan, J., dissenting)). "If the moving party makes such an affirmative showing, it is entitled to summary judgment unless the nonmoving party, in response, 'come[s] forward with significant, probative evidence demonstrating the existence of a triable issue of fact.'" *Four Parcels*, 941 F.2d at 1438 (quoting *Chanel, Inc. v. Italian Activewear of Fla., Inc.*, 931 F.2d 1472, 1477 (11th Cir. 1991)).

In contrast, if the non-moving party bears the burden of proof at trial, the moving party may obtain summary judgment simply by establishing the nonexistence of a genuine issue of material fact as to any essential element of a non-moving party's claim or affirmative defense.

*Celotex*, 477 U.S. at 324. When the non-moving party bears the burden of proof, the moving party does not have to "support its motion with affidavits or other similar material *negating* the opponent's claim." *Id.* at 323 (emphasis in original). The moving party may discharge its burden in this situation by showing the Court that "there is an absence of evidence to support the nonmoving party's case." *Id.* at 325. Once the moving party discharges its initial burden, a non-moving party who bears the burden of proof must cite "to particular parts of materials in the record or show "that the materials cited do not establish the absence or presence of a genuine dispute. . . . " Fed. R. Civ. P. 56(c)(1).

### III. Analysis

Defendants argue that summary judgment should be granted because (a) the Plaintiff was not a "domestic service employee" as that term has been defined by the Department of Labor, 29 C.F.R. § 552.3; (b) the economic realities of the relationship between the parties demonstrate as a matter of law that the Plaintiff was not an "employee" of the Defendants, and that Defendants were not Plaintiff's "employers; " (c) the FMWA is inapplicable as a matter of law if the FLSA is not applicable; and (d) Plaintiff's claim under the FMWA fails as a matter of law due to his failure to give Defendants notice in compliance with Fla. Stat. § 448.110(6)(a).

#### A.      Domestic Service Employee

Defendants argue that summary judgment should be granted because Plaintiff was not a "domestic service employee." Specifically, Defendants assert that Plaintiff fails to allege that tasks were performed by Plaintiff "in or about" the home of the Defendants, as set forth in 29 C.F.R. § 552.3. (D.E. No. 25 at 7). Plaintiff responds that summary judgment is improper because the evidence is sufficient to show that Plaintiff was a domestic service employee.

The FLSA contains provisions requiring certain employers to pay certain employees a minimum wage and to compensate them at one and one-half times their regular hourly rate for

any hours worked beyond forty hours per week. *See generally* 29 U.S.C. §§ 206(a) and

207(a)(1).  In 1974, the protections of the FLSA were extended to include "domestic service"

workers under 29 U.S.C. §§ 206(f) and 207(l).  *See Buckner v. Florida Habilitation Network,*

*Inc.*, 489 F.3d 1151 (11th Cir. 2007).  Section 206(f) states the following in pertinent part:

> (f) Employees in domestic service
>
> Any employee—
>
>> (1) who in any workweek is employed in domestic service in a
>> household shall be paid wages at a rate not less than the wage rate
>> in effect under subsection (b) of this section unless such
>> employee's compensation for such service would not because of
>> section 209(a)(6) of the Social Security Act [42 U.S.C.A. §
>> 409(a)(6)] constitute wages for the purposes of title II of such Act
>> [42 U.S.C.A. § 401 et seq.].

11 U.S.C. § 206(f). Similarly, § 207(l) states the following:

> (l) Employment in domestic service in one or more households
>
> No employer shall employ any employee in domestic service in
> one or more households for a workweek longer than forty hours
> unless such employee receives compensation for such employment
> in accordance with subsection (a) of this section.

11 U.S.C. § 207(l).

The Department of Labor has promulgated a regulation that defines the statutory term

"domestic service employment" as follows: "the term domestic service employment refers to

services of a household nature performed by an employee in or about a private home (permanent

or temporary) of the person by whom he or she is employed." 29 C.F.R. § 552.3.  The regulation

sets forth a non-exclusive list of services, including "cooks, waiters, butlers, valets, maids,

housekeepers, governesses, nurses, janitors, laundresses, caretakers, handymen, gardeners,

footmen, grooms, and chauffeurs of automobiles for family use." *Id.*  "The domestic service must

be performed in or about the private home of the employer whether that home is a fixed place of

abode or a temporary dwelling as in the case of an individual or family traveling on vacation." 29 C.F.R. § 552.01.  Furthermore, "[a] separate and distinct dwelling maintained by an individual or a family in an apartment house, condominium or hotel may constitute a private home."  *Id.*

Plaintiff states in his declaration, "I stopped working at my job in September 2010 and became [Defendant] Nunez' full-time domestic employee, performing the services of a butler, chauffeur, personal assistant and child care provider."  (D.E. No. 37 at 12).  Plaintiff further asserts, "I drove [Defendant] Nunez as his chauffeur over 100 times."  *Id.* at 13.  Plaintiff states that he regularly drove for Defendant Frontado.  *Id.*  Plaintiff notes, "[u]ntil 2012, [the Defendants] did not have a place to live in the United States.  [The Defendants] stayed in hotels when visiting Miami."  *Id.*  Plaintiff argues that the hotels that the Defendants stayed in during their visits to Florida constituted their "private home." (D.E. No. 36 at 10).  Therefore, according to Plaintiff, his regularly performing the services of a chauffeur for the Defendants, while they were staying at hotels in Miami, would, for example, make him a domestic service employee of the Defendants.

Plaintiff has offered evidence that there remains a genuine issue of material fact with respect to whether Plaintiff was a domestic service employee of the Defendants.  Thus, the Court finds summary judgment is inappropriate on this issue.

**B.    Economic Realities of the Relationship**

Defendants argue the economic realities of the relationship between the parties demonstrate as a matter of law that the Plaintiff was not an "employee" of the Defendants, and that Defendants were not Plaintiff's "employers."  (D.E. No. 25 at 7).  The minimum wage provisions of the FLSA apply only to workers who are "employees" within the meaning of the FLSA.  *See* 29 U.S.C. § 206(a)(1).  Under the FLSA, an "employee" is defined as "any

individual employed by an employer." 29 U.S.C. § 203(e)(1).  An "employer" includes "any

person acting directly or indirectly in the interest of an employer in relation to an employee." 29

U.S.C. § 203(d).  To "employ" is defined as to "suffer or permit to work." 29 U.S.C. § 203(g).

The Eleventh Circuit has adopted the "economic reality of the relationship between the parties"

to determine employer/employee status. *Rodriquez v. Jones Boat Yard, Inc.,* 435 Fed. App'x.

885, 888 (11th Cir. 2011) (citing *Villarreal v. Woodham,* 113 F.3d 202, 205 (11th Cir. 1997)).

The test looks at the "'surrounding circumstances of the whole activity' to ascertain whether the

person was dependent upon the putative employer." *Diaz v. U.S. Century Bank,* 2013 WL

2046548 (S.D. Fla. May 14, 2013) (quoting *Beck v. Boce Grp., L.C.,* 391 F.Supp.2d 1183, 1186

(S.D. Fla. 2005)).  In the context of domestic service employment, courts look at whether the

alleged employer had the power to hire and fire the employee, supervised and controlled the

employee's work schedule or conditions of employment, determined the rate and method of

payment, and maintained employment records. *See Rodriguez,* 435 Fed. App'x. at 888.

Defendants point to their affidavits filed in support of their motion for summary

judgment as evidence, among other things, that (a) Plaintiff was not their employee, nor were

they Plaintiff's employer; (b) Plaintiff was not their butler, chauffer, or household employee; (c)

they never paid him to pick them up or drop them off at the airport, nor did he ever ask to be paid

for doing so;  (d) Plaintiff was simply doing a favor for the Defendants when he performed the

tasks; (e) Plaintiff was never obligated to do any of these tasks for the Defendants; (f)

Defendants did not supervise or exercise control over the Plaintiff when he did these tasks; and

(g) Defendants did not maintain any work time records for the Plaintiff. *See* D.E. Nos. 25-1 &

25-2.

Plaintiff responds by pointing to his declaration as evidence that, among other things, (a)

Plaintiff was the Defendants' employee; (b) the Defendants promised to pay him for services; (c)

Plaintiff had an expectation of being financially compensated for his services on behalf of the Defendants; (d) the Defendants asked him to quit his job because they needed him to work for them full-time; and (e) the Plaintiff maintained records of the tasks performed and the hours worked for the Defendants. *See* D.E. No. 37 at 11-18.

Plaintiff has offered evidence that there remains a genuine issue of material fact with respect to the economic realities of the relationship between the parties. Thus, the Court finds summary judgment is inappropriate on this issue.

### C.      Applicability of the FWMA

The Defendants argue that the FMWA is inapplicable as a matter of law if the FLSA is not applicable. Since the Court is not granting summary judgment with respect to the FLSA claims, the Court next considers the Defendants' arguments with respect to the FMWA claim.

### D.      Notice in Compliance with Florida Statue § 448.110(6)(a).

Defendants assert that Plaintiff's claim under the FMWA fails as a matter of law due to Plaintiff's failure to give Defendants notice in compliance with Florida Statute § 448.110(6)(a). Section 448.110(6)(a), Florida Statutes, states that "prior to bringing any claim for unpaid minimum wages pursuant to this section, the person aggrieved shall notify the employer alleged to have violated this section, in writing, of an intent to initiate such an action." As the Court noted in *Resnick v. Oppenheimer & Co.,* 2008 WL 113665, at *3 (S.D. Fla. Jan. 8, 2008), the statutory notice provision requires the employer to be notified of the employee's claim so the matter can be resolved within a relatively short period of time, and is a "prerequisite to asserting a claim under" the FMWA.

The Defendants argue that Plaintiff's letter (the "Letter"), attached as Exhibit G to the Complaint (D.E. No. 1-8), fails to provide the required notice to the Defendants. The Letter is addressed to non-party Valle Forge Import Export LLC. *See* D.E. No. 1-8 at 3. The subject line

states, "Re: Ruben Cedano v. Valle Forge Import Export LLC[;] Notice of Intent to Initiate

Litigation under the Florida Minimum Wage Act, FL Statute Section 448.110." *Id.* The letter

states, "Our client, Mr. Ruben Cedeno...hereby notifies you pursuant to Florida Statute 448.110

of his intent to bring a civil action against Valle Forge Import Export LLC to recover his unpaid

wages." *Id.* Plaintiff responds that the letter was also addressed to Defendant Nunez and

contained sufficient facts and details to put Defendants on notice of the nature of Plaintiff's

potential claims against them. The Court disagrees. The Letter only puts non-party Valle Forge

Import Export LLC on notice. Accordingly, it is hereby:

**ORDERED AND ADJUDGED** that

Defendants' Motion for Summary Judgment (D.E. No. 25) is **GRANTED in part** and

**DENIED in part**. Defendants' motion is **DENIED** as to Counts I and II and **GRANTED** as to

Count III of Plaintiff's Complaint.

DONE AND ORDERED in Chambers at Miami, Florida, this 12 day of November, 2013.

JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
Magistrate Judge McAliley
All Counsel of Record