UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-20119-CIV-MARTINEZ-MCALILEY

RUBEN DARIO CEDENO,

    Plaintiff,

vs.

AUDIE GABRIEL NUNEZ PADRON, et. al.

    Defendants.

_____/

# REPORT AND RECOMMENDATION ON DEFENDANTS' VERIFIED MOTION TO TAX COSTS

Pending before the Court is Defendants' Verified Motion to Tax Costs against Ruben Dario Cedeno. [DE 70]. Defendants seek to recover their costs pursuant to 28 U.S.C. §1920, Federal Rule of Civil Procedure 54(d) (1) and Southern District of Florida Local Rule 7.3. *Id.* The motion is fully briefed and was referred to me by the Honorable Jose E. Martinez. [DE 71, 72, 73]. For the following reasons, I recommend the motion be granted in part.

## I. Background

Plaintiff Ruben Dario Cedeno brought an action under the Fair Labor Standards Act ("FLSA") against Defendants Audie Gabriel Nunez Padron and Maria Rosa Perez Frontado to recover damages for unpaid wages. [DE 1]. Cedeno alleged claims for unpaid overtime and unpaid minimum wages in violation of the FLSA, and a separate

claim for unpaid minimum wages in violation of Florida's Minimum Wage Act. *Id.* Judge Martinez entered summary judgment in favor of Defendants on Cedeno's state law claim. [DE 51].

A trial was held on Cedeno's FLSA claims, and the jury found Cedeno was not an employee of Defendants. [DE 68]. Judge Martinez thus entered final judgment in favor of Defendants. [DE 69]. Defendants now ask to recover costs incurred for service of process, deposition transcripts, and interpreter fees.

## II. Analysis

Federal Rule of Civil Procedure 54(d) provides that a prevailing party is entitled to costs as a matter of course, while 28 U.S.C. §1920 enumerates the costs that may be taxed. *See Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S.437, 441-42 (1987). Because final judgment was entered in Defendants' favor, Defendants are the prevailing party and the only issue to be resolved is the amount of costs to be awarded.

### A. Fees for service

Defendants seek a total of $225.00 for service of process costs incurred in serving five witnesses with subpoenas for trial testimony.[1] Four of the witnesses were records custodians of Cedeno's former employers, Partsbase, Inc., G & E Produce Corp., Unity General Distributors II, Inc., and Larry Kline Wholesale Meats and Provisions, Inc., and the fifth witness was an individual, Ada Alonso. [DE 70, p. 3; DE 72, p. 2]. Cedeno does not dispute the service of process charge for Ms. Alonso. [DE 72, p. 2]. However, Cedeno asserts that Defendants cannot recover charges for service on the records

---

[1] The charge for serving each witness was $45.00. [DE 70-1, pp. 2-6].

2

custodians because those witnesses did not testify at trial and were not reasonably necessary to the trial. [*Id.*, pp. 2-3].

Recovery of the cost of private process servers is authorized under 28 U.S.C. § 1920(1). *EEOC v. W & O, Inc.*, 213 F.3d 600, 624 (11th Cir. 2000). The prevailing party may recover subpoena costs for witnesses who did not testify at trial if the witnesses were "reasonably necessary for trial." *U.S. v. Degayner*, No. 6:06-cv-1462-Orl-19KRS, 2009 WL 111673, at *5 (M.D. Fla. Jan. 15, 2009).

Here, Defendants' exhibit list included "Plaintiff's employment records" with each of the former employers whose records custodians were served with trial subpoenas. [DE 40-2; DE 65]. Testimony of the records custodians might have been needed to establish admissibility of the employment records identified in Defendants' trial exhibit list, making their testimony reasonably necessary to the Defendants at trial; accordingly, Defendants should be awarded these service of process costs. *Cf. Degayner*, 2009 WL 111673 at *5 (awarding costs for service upon witnesses who did not provide trial testimony, but were listed as witnesses in the parties' Joint Final Pre-Trial Statement); *Davis v. Sailormen, Inc.*, No. 6:05-cv-1497-Orl-22JGG, 2007 WL 1752465, at *3 (M.D. Fla. June 15, 2007) (awarding subpoena costs for individuals listed as possible trial witnesses in Final Pretrial Statement because "[s]ubpoenas to trial witnesses who Plaintiff could have reasonably believed were 'at least partially necessary to the litigation' may be taxed as costs.") (internal citations omitted); *Barrera v. Weiss & Woolrich Southern*, 900 F. Supp. 2d 1328, 1333 (S.D. Fla. 2012) (recommending award

of subpoena costs because "Defendants have the latitude to subpoena witnesses and subsequently decline to call them at trial.").

Because the records custodians were reasonably necessary, and Plaintiff does not object to taxing the cost of service on Ada Alonso, I recommend the Court award Defendants **$225.00** for costs of service.

## B. Deposition Costs

Defendants seek to recover costs for deposition transcripts obtained for use at trial and in support of Defendants' motion for summary judgment in the total amount of $2,701.39. [DE 70, p. 4; DE 70-1]. Taxation of deposition costs is authorized by §1920(2), as long as the depositions were "necessarily obtained for use in the case." *W & O, Inc.*, 213 F.3d at 620-21. Cedeno does not object to the taxing of these depositions as a cost. [DE 72, p. 3]. Rather, Cedeno objects to Defendants' inclusion of incidental charges, namely fees for delivery, court reporter appearance, couriers, and litigation support packages.[2] [DE 72, p. 3-4].

Incidental charges are not taxable pursuant to §1920. *See Coy v. Allstate Floridian Ins. Corp.*, No. 2:05-cv-103-FtM-34DNF, 2007 WL 1732098, at *9 (M.D. Fla. June 14, 2007) ("Absent statutory language to the contrary, courts are limited in taxing costs to those costs enumerated in 28 U.S.C. §1920."); *see also Suarez v. Tremont Towing, Inc.*, No. 07-21430-CIV, 2008 WL 2955123, at *3 (S.D. Fla. Aug. 1, 2008)

---

[2] Cedeno also objects to taxing the full amount of his deposition transcript. [DE 72, p. 3]. Cedeno requests that the Court limit recovery to only "that portion of his deposition that was relevant to the issues addressed in the Motion for Summary Judgment as to Count III and for impeachment purposes at trial." [*Id.*]. Cedeno, however, does not identify those portions of the transcript, suggesting the Court should comb through the transcript and attempt to do this work for him. Cedeno also does not suggest how Defendants might have known which pages of the transcript to order in advance of trial. I find this objection by Cedeno to be without merit.

("courier, handling and delivery charges, and charges for ASCII discs...are not taxable costs."); *Eggleston v. Bradshaw*, No. 02-80555-CIV, 2007 WL 1760912, at *4 (S.D. Fla. June 18, 2007) ("costs associated with mini-transcripts and ASCII disks are not recoverable."); *Rodriguez v. Marble Care Int'l, Inc.*, 862 F. Supp. 2d 1316, 1320 (S.D. Fla. 2012) (court reporter appearance fees are generally not recoverable under § 1920) (citing *Miles v. Jones*, No.08-20612-CIV, 2011 WL 10565588, at *2 (S.D. Fla. Feb. 4, 2011) (concluding that after 2008 amendment to §1920, court reporter appearance fees are not taxable)).

In reply, Defendants do not dispute that the incidental charges identified by Plaintiff are not recoverable. [DE 73, p. 2]. Accordingly, I recommend the Court reduce depositions costs by $579.34, which represents the incidental charges at issue, and award Defendants **$2,122.05** in deposition costs.[3]

### C. Trial Interpreter Costs

Defendants ask to recover costs for an interpreter used at trial in the amount of $1,140.00. [DE 70, p. 4]. Interpreter costs may be recovered under §1920(6). *See Blanco v. Biscayne Wine Group, LLC*, No. 10-23988-CIV, 2014 WL 2653922, at *7 (S.D. Fla. June 13, 2014). Cedeno does not dispute that Defendants are entitled to interpreter costs, but objects to the interpreter's hourly rate of $120.00. [DE 72, p. 4]. Plaintiff contends

---

[3] As noted, in their Motion and Bill of Costs, Defendants asked to recover $2,701.39 in deposition costs. [DE 70, p. 4; 70-1]. In their reply, Defendants for the first time asked for additional deposition costs of $143.74 for an excerpt attached to a motion to compel. [DE 73, p. 2]. Defendants' request is untimely and includes impermissible incidental charges, such as expedited delivery and courier fees. *See* S.D. Fla. L. R. 7.3(c) ("A bill of costs pursuant to 28 U.S.C. §1920 shall be filed and served within thirty (30) days of entry of final judgment... "); S.D. Fla. L.R. 7.1(c) (a "...reply memorandum shall be strictly limited to rebuttal of matters raised in the memorandum in opposition..."). For these reasons, Defendants should not recover this cost.

5

that interpreter costs should be taxed at the rate established by the United States Courts. [*Id.*].

Title 28 U.S.C. §1827, authorizes the Director of the Administrative Office of the United States Courts to prescribe "a schedule of reasonable fees for services rendered by interpreters, certified or otherwise used in proceedings instituted by the United States..." 28 U.S.C. §1827(b)(3) (1996). This includes "all proceedings...conducted in, or pursuant to the lawful authority and jurisdiction of a United States district court." 28 U.S.C. §1827(j). Inasmuch as the interpreter fees in dispute were incurred during trial in this Court, I believe the schedule promulgated pursuant to §1827 should govern the amount of fees Defendants may recover.

The current fees set by the United States Courts for certified and professionally qualified contract interpreters are $388.00 per day and $210.00 for a half day, which are lower than the $120.00 hourly rate sought by Defendants.[4] *See* http://www.uscourts.gov/FederalCourts/UnderstandingtheFederalCourts/DistrictCourts/CourtInterpreters/ContractInterpretersFees.aspx. Defendants have not offered any reason why higher interpreter fees were reasonable or necessary for the trial. Accordingly, I conclude that interpreter fees should be taxed at the federal rate. *See Osorio v. Dole Food Co.*, No. 07-22693-CIV, 2010 WL 3212065, at *9 (S.D. Fla. July 7, 2010) (awarding interpreter fees at the standard federal court rate because defendant did not prove that complexity of the case warranted use of interpreters at a higher rate).

---

[4] There is no dispute that Defendants used a certified and professionally qualified interpreter. [DE 70-1, pp. 12-13].

6

Defendants seek interpreter fees for one full day and two hours on a second day. [DE 70-1, p. 12-13]. Based on the foregoing, I recommend the Court award Defendants **$493.00** for interpreter costs, which consists of the full day fee of $388.00 and $105.00 for the additional two hours of service.[5]

### III.  Recommendation

Based on the foregoing, this Court **RECOMMENDS:**

That Defendants' Verified Motion to Tax Costs against Ruben Dario Cedeno [DE 70], be **GRANTED IN PART** and that the Court enter final judgment against Cedeno, in favor of Defendants, in the amount of **$2,840.05**.

### IV.  Objections

Pursuant to Magistrate Rule 4(a), the parties may file written objections to this Report and Recommendation with the Honorable Jose E. Martinez within **14 days** of the date of this Report and Recommendation. Failure to timely file objections shall bar the parties from attacking on appeal any factual findings contained herein. See *RTC v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *LoConte v. Dugger*, 847 F.2d 745, 749-50 (11th Cir. 1988).

RESPECTFULY RECOMMENDED in chambers at Miami, Florida, this 23rd day of July, 2014.

CHRIS MCALILEY
UNITED STATES MAGISTRATE JUDGE

---

[5] I arrived at this figure by dividing the half day fee of $210.00 by four, which results in an hourly rate of $52.50.

7

cc:
    The Honorable Jose E. Martinez
    All counsel of record